### Garrie S. French v. The Commercial National Bank and Edward B. McKey.

1. CONTEMPT—*Power of the Court to Punish.*—The Superior Court of Cook County is warranted in entering a temporary order restraining a party from enforcing the collection of costs recovered by him in a former appeal, pending the result of a hearing before the master in relation to the surrender by him to a receiver of certain property alleged to be held by him.

Contempt Proceedings.—Creditor's bill. Trial in the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge, presiding. Order of

restraint, etc., entered; appeal.   Heard in this court at the March term, 1899.   Affirmed.   Opinion filed April 17, 1899.

GARRIE S. FRENCH, attorney *pro se;* GAGE & DEMING, of counsel.

JAMES J. BARBOUR, attorney for appellees.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellant was one of defendants in a suit begun by a creditor's bill.   It was alleged that appellant had in his possession certain property equitably subject to the control of the court in the proceeding.   A receiver was appointed. In the course of efforts to compel appellant to turn over such property as he had, which was subject to the operation of the suit, an order was entered directing appellant to appear for examination in that behalf before a master in chancery.   For disobedience to the order appellant was adjudged in contempt of the court, and a fine of $500 was imposed, as well as imprisonment by way of punishment and to enforce the order of the court.   An appeal was prosecuted to this court by appellant, and the order was reversed upon the ground that the punishment was excessive.

The amount of the costs in that appeal, for which appellant recovered judgment against appellees, of whom McKey, the receiver, was one, was $118.75.

The court below has now entered an order restraining appellant from enforcing the collection of this sum of $118.75 from appellees, until it shall be determined, by a hearing now being had, just how much, if any, of the property which should be turned over to the receiver, appellant has in his possession.   From this restraining order the appeal here is prosecuted.   The order is in effect a temporary order pending the result of the hearing before the master.   We are of opinion that the court was warranted by the facts in entering such temporary order.   The order is affirmed.